

ORDERED in the Southern District of Florida on March 17, 2023.

Robert A. Mark, Judge
United States Bankruptcy Court

___

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

In re:

**VALERIA VENTURA,**   Case Number 22-15272-RAM
                      Chapter 7
    Debtor(s).
_____/

**VALERIA VENTURA,**

    Plaintiff,   Case Number 23-01018-RAM

vs.

**CARMELO ALMODOVAR,**

    Defendant.
_____/

### FINAL DEFAULT JUDGMENT VESTING PROPERTY
### SOLELY IN NAME OF PLAINTIFF, VALERIA VENTURA

    **THIS CAUSE** came before the court on March 9, 2023, at 10:30 AM for a pretrial conference. The court noted the Clerk's Default against the Defendant, Carmelo Aldomovar

[D.E. 6], hereby enters a *Final Default Judgment Vesting Property Solely in Name of Plaintiff, Valeria Ventura*, as follows:

1. This is a Chapter 13 case filed by the Debtor on July 22, 2022.

2. On January 26, 2023, The Debtor and Plaintiff filed an adversary proceeding to determine the validity, priority and extent of interest in property her bankruptcy estate.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. The Debtor owns a property located at 256 NW 82 Terrace, Miami, FL 33150 (the "Property").

7. The legal description of the Property is:

   **Lot 3, Block 5, BELLCAMP MANOR, according to the Plat thereof, as recorded in Plat Book 11, Page 33, of the Public Records of Miami-Dade County, Florida.**

   **Folio No. 30-3112-023-0660**

8. The Defendant, Carmelo Almodovar ("Defendant" or "Almodovar"), is a title holder on the Property but only pursuant to a resulting trust in favor of the Debtor.

9. The warranty deed where both parties came into title of the Property is recorded at ORB 30420, Page 4360, of the Public Records of Miami-Dade County.

10. Almodovar appears as a co-owner on the title to the Property. Although Almovar's name appears on the title, he did not contribute to the purchase of the property, nor has he contributed to its maintenance.

Page 3.

11. Because Almodovar did not contribute any funds to the purchase of the Property or its maintenance, a resulting trust is presumed to exist in favor of the Debtor since she paid the purchase price for the property and Aldomovar simply owns his interest in trust for the benefit of the Debtor. *See e.g., Key v. Trattman,* 959 So.2d 339 (Fla. 1st DCA 2007) and cases cited.

12. In this case, the Debtor acquired the Property by paying the purchase price for it allowing Almodovar to take title to half of it.

13. Both parties agreed at the time the Property was owned by the Debtor and Almodovar holding his interest for the benefit of the Debtor, not himself.

14. This court finds the Property to belong to Debtor and Plaintiff, Valeria Ventura, and enters this judgment vesting the Property in her name only.

15. Once a certified copy of this judgment is recorded in the Public Records of Miami-Dade County, Florida, all ownership rights of Carmelo Aldomovar to the Property will be fully and finally extinguished.

# # #

Submitted by and copy to:
Timothy S. Kingcade, Esq.
Kingcade & Garcia, P.A.
1370 Coral Way
Miami, FL 33145
Phone: (305) 285-9100
Fax: (305) 285-9542
scanner@miamibankruptcy.com
Attorney Kingcade is hereby directed to serve a copy of this order on all interested parties immediately upon receipt.